NOT RECOMMENDED FOR FULL TEXT PUBLICATION
File Name: 13a0133n.06

**No. 11-5548**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
**Feb 05, 2013**
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff-Appellee, | ) ) ) | On Appeal From the United States District Court for the Western District of Kentucky |
| v. | ) ) | |
| KENNETH R. HARRIS and KATHRYN L. HARRIS, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| RODGER BUNKER, | ) ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and DAUGHTREY, Circuit Judges; MALONEY, District Judge.[*]

PER CURIAM. Liberty Mutual Fire Insurance Company filed a declaratory judgment action in the United States District Court for the Western District of Kentucky. The action comes to federal court under the diversity statute. The Harrises reside in Kentucky, Rodger Bunker resides in Arizona, and Liberty Mutual is a Wisconsin corporation with its principle place of business in Delaware. Liberty Mutual sought a declaration that the homeowner's policy it issued to Kenneth and Kathryn Harris did not cover a physical altercation between Kenneth Harris ("Harris") and Bunker.

---

[*]The Honorable Paul L. Maloney, Chief United States District Judge, United States District Court for the Western District of Michigan, sitting by designation.

Bunker opposed the motion and sought a continuance. The underlying altercation occurred in September 2006 in Scottsdale, Arizona. At the time of the incident, Harris was 73 years old and Bunker was 61 years old. Harris was subsequently prosecuted and convicted of two counts of aggravated assault.

In addition to the criminal action, Harris was also subject to a civil action in the Arizona courts, which ultimately led to this lawsuit. Bunker sued Harris in the Arizona courts over the altercation. The Harrises notified Liberty Mutual about the lawsuit. Liberty Mutual declined to provide coverage. Because Harris did not respond to Bunker's motion for summary judgment, Harris was found liable for negligence, assault, battery, and intentional infliction of emotional distress. A trial on the damages resulted in a judgment in Bunker's favor for approximately $500,000.

Bunker filed several suits attempting to collect the judgment, including a garnishment proceeding in the Arizona courts against Liberty Mutual and an action in the Kentucky courts to register the Arizona judgment and secure a judgment lien against Harris's assets in Kentucky. Harris and Bunker entered into an agreement in which, in part, Harris assigned to Bunker any rights and claims Harris had against Liberty Mutual.

Liberty Mutual then initiated this lawsuit in federal court. Liberty Mutual filed, and prevailed, on a motion for declaratory judgment. The district court denied Bunker's request for a continuance. Bunker filed this appeal.

The district court carefully analyzed the language of the homeowner's policy and Kentucky law. The district court relied on an opinion of the Kentucky Supreme Court, *Cincinnati Insurance Co. v. Motorists Mutual Insurance Co.*, 306 S.W.3d 69, 73 (Ky. 2010), in which the Court concluded

that a commercial general liability policy did not provide coverage for faulty workmanship. The policy defined the word "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Because the policy did not define the word "accident," the Kentucky Supreme Court gave that word its plain and ordinary meaning. The Kentucky Supreme Court held that, inherent in the plain meaning of the word "accident" is the doctrine of fortuity, which consists of two central aspects: intent and control. *Id.* at 74. The district court correctly noted that the word "occurrence" in the homeowner's policy was the same as the definition of "occurrence" in the policy in *Cincinnati Insurance*. Following *Cincinnati Insurance*, the district court gave the word "accident" its plain and ordinary meaning, and applied the doctrine of fortuity. The district court held that the underlying altercation or incident between Harris and Bunker was not an occurrence, as that term is defined under the homeowner's policy. The district court noted that no party had argued that Harris lost control of his own body during the altercation when Bunker was injured.

In this situation, Harris's intent, or lack of intent, to cause injury during the underlying altercation does not determine whether the policy provides coverage. The policy language on which Bunker relies falls under the portion of the policy excluding from coverage any bodily injury that is expected or intended by an insured. Where a policy does not initially provide coverage, a court need not consider the application of an exclusion. *Cincinnati Ins.*, 306 S.W.3d at 78 n.35. Furthermore, the authority on which Bunker relies, *James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 275 (Ky. 1991), involved an insurance policy that included, in the definition of "occurrence," the expectations or intentions of the insured. On the basis of the different definitions of "occurrence," in *Cincinnati Insurance*, the Kentucky Supreme Court distinguished the

3

insurance policy then before the Court from the insurance policy before the Court in *James Graham Brown*. *Cincinnati Ins.*, 306 S.W.3d at 78. Because of the "materially different definition of *occurrence*," the Court found the holding in *James Graham Brown* "of, at most, limited value in determining" whether there was an "occurrence." *Id.* (emphasis in original). The same conclusion applies here.

The district court did not err in granting Liberty Mutual's motion for declaratory judgment after finding that the homeowner's policy did not provide coverage for the underlying altercation between Harris and Bunker. Bunker's claim that the Federal Rules of Civil Procedure do not authorize a motion for declaratory judgment does not require this Court to reverse the district court. Such a claim puts form over substance. As explained above, we find no error in the resolution of questions of law by the district court. Similarly, we conclude that the district court did not err in resolving the questions of fact. Assuming, for the sake of argument only, that Liberty Mutual attached inadmissible exhibits to its motion, the district court did not clearly rely on any inadmissible exhibit in its resolution of the motion. Without dispute, a physical altercation, a fight, occurred between Harris and Bunker. The record contains no assertion by any party, and no evidence to support such an assertion, that Harris did not or could not control his actions during the altercation. Applying these facts to the language of the policy, under Kentucky law, we conclude that there was no occurrence that triggered coverage.

AFFIRMED.